UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL A. CARTER,

                              Plaintiff,

                                                    CIVIL CASE NO. 07-13772

v.

                                                    HONORABLE STEPHEN J. MURPHY, III

GRAYLING CARTER, et al.,

                              Defendants.
_____/

## ORDER SUSTAINING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND DISMISSING THE PLAINTIFF'S CLAIMS

In this case, the plaintiff is alleging eight claims against the defendants, including conspiracy, fraud, extortion, embezzlement, fair debt collection practices, mail fraud, RICO violation, and a claim to quiet title.  The defendants filed the following motions to dismiss the plaintiff's claims: the defendants Brian Yoho and Trott & Trott, P.C.'s motion to dismiss [docket entry #14]; the defendant American Pioneer's motion to dismiss [docket entry #28]; the defendant Paul Smigielski's motion to dismiss [docket entry #34]; and the defendants Ari Charlip, Centex, and Nationstar's motion to dismiss [docket entry #36].

The motions to dismiss were referred to Magistrate Judge Virginia Morgan for a Report and Recommendation.  On July 22, 2008, the magistrate judge issued her Report and Recommendation, recommending that the motions to dismiss be granted in part and denied in part.  The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The defendants Brian Yoho and Trott & Trott filed one set of timely objections, and the defendants Ari Charlip, Centex, and Nationstar filed another set of timely objections.  For the reasons stated below, the Court sustains the defendants' objections, adopts the

magistrate judge's Report and Recommendation in part, and grants the defendants' motions to dismiss in their entirety, thereby dismissing all of the plaintiff's claims.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections.  If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation.  *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

For those portions of the Report and Recommendation to which the parties have not filed objections, the Court does not need to conduct a review and can simply accept and adopt the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, portions of the magistrate judge's Report and Recommendation had no objections from the defendants or the plaintiff.  Consequently, the Court accepts and adopts those portions of the Report and Recommendation recommending the dismissal of Count II, the plaintiff's fraud claims; the dismissal of Count IV, the plaintiff's embezzlement claim; the dismissal of Count VI, the plaintiff's mail fraud claims; the dismissal of Count VII, the plaintiff's RICO claims; and the dismissal Count VIII, the plaintiff's quiet title action.

The defendants objected to the magistrate judge's recommendation that Count I, the plaintiff's conspiracy claim, Count III, the plaintiff's extortion claims, and Count V, the

2

plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") should be allowed to proceed.  The Court has conducted a de novo review and finds that the objections should be sustained for the reasons given by the defendants.

Count III, the plaintiff's extortion claims, should be dismissed.  The plaintiff's allegations do not rise to an unlawful and malicious threat sufficient to support an extortion claim.  The defendants simply asserted their legal rights against the plaintiff, filed a "Claim of Interest," and filed a Wayne County lawsuit to encumber the plaintiff's property interest.  When discovery revealed that the plaintiff had no knowledge of the loan and the defendants' mortgage, the plaintiff was dismissed from the Wayne County lawsuit.  These actions do not amount to extortion.  *See Various Markets, Inc. v. Chase*, 908 F. Supp 459 (E.D. Mich. 1995).

Count V, the plaintiff's FDCPA claim, should also be dismissed.  The defendants are not "debt collectors" and thus, cannot be found liable under the act.  *See* 15 U.S.C. § 1692a(6).  Moreover, the filing of the "Claim of Interest" or the lawsuit are not violations of the FDCPA.  *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).  The plaintiff's allegations do support a viable claim for violation of the FDCPA.

Finally, the Court finds that Count I, the plaintiff's conspiracy claim, should be dismissed.  The plaintiff does not have a viable claim of extortion or any other actionable tort.  Therefore, the conspiracy claim must necessarily fail.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384 (Mich. Ct. App. 2003) (stating that a separate, actionable tort is necessary to support a civil conspiracy claim).  In summary, the Court sustains the defendants' objections and declines to adopt the portions

of the Report and Recommendation dealing with Counts I, III, and V.[1]

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the defendants' objections, and the applicable portions of the record,

**IT IS HEREBY ORDERED** that the defendants Trott & Trott, P.C. and Brian Yoho's objections [docket entry #50] to the Report and Recommendation are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the defendants Centex, Nationstar, and Ari Charlip's objections [docket entry #51] to the Report and Recommendation are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #49] is **ACCEPTED and ADOPTED IN PART** as the opinion of this Court, in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that the defendants Brian Yoho and Trott & Trott, P.C.'s motion to dismiss [docket entry #14], the defendant American Pioneer's motion to dismiss [docket entry #28], the defendant Paul Smigielski's motion to dismiss [docket entry #34], and the defendants Ari Charlip, Centex, and Nationstar's motion to dismiss [docket entry #36] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims are **DISMISSED WITH PREJUDICE**.

---

[1]In the Report and Recommendation, the magistrate judge stated that the defendant General American is not part of the motions to dismiss and thus the claims against General American remain.  The plaintiff alleged conspiracy and fraud against General American.  Since the plaintiff has failed to state a fraud and conspiracy claim, the claims against General American are dismissed.

**SO ORDERED.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  February 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

5